# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| *In re North Carolina Lottery,* | |
| NORTH CAROLINA LOTTERY, | NOTICE OF APPEAL |
|    Appellant, | Serial No. 86411401 |
| v. | |
| DIRECTOR, UNITED STATES PATENT AND TRADEMARK OFFICE, in his official capacity ("Director"), | |
|    Appellee. | |

     Notice is hereby given that Applicant North Carolina Lottery hereby appeals to the United States Court of Appeals for the Federal Circuit from the Opinion rendered by the Trademark Trial and Appeal Board, ("TTAB"), which refused registration of Applicant's mark by the United States Patent and Trademark Office.  Applicant-Appellant seeks a review of the TTAB's Opinion (no. 86411401 issued July 12, 2016) in its entirety, which held that Applicant's mark was properly refused pursuant to § 2(e)(1) of the Trademark Act, 15 U.S.C. § 1052(e)(1). (*See* a true and correct copy of the TTAB Opinion attached hereto as Exhibit 1).  The TTAB opinion was received by Applicant-Appellant by email service on July 12, 2016.

     Respectfully submitted, this the 24th day of August, 2016.

                                            **COATS & BENNETT PLLC**

                                  By: */s/ David D. Kalish*
                                       David D. Kalish
                                       N.C. State Bar no. 24,341
                                       1400 Crescent Green
                                       Suite 300
                                       Cary, North Carolina 27518
                                       Telephone:  (919) 854-1844
                                       Facsimile: (919) 854-2084
                                       Email:  dkalish@coatsandbennett.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2016, I served the original of this Notice of Appeal (with Exhibit 1) to the Director of the United States Patent & Trademark Office by USPS Express Mail pursuant to 37 CFR §§ 104.2 & 2.1989, 2011, addressed to Office of the Solicitor, United States Patent and Trademark Office Mail Stop 8, Post Office Box 1450, Alexandria, Virginia 22313-1450.

I hereby also certify that on August 24, 2016, I filed a copy of this Notice of Appeal (with Exhibit 1) to the TTAB by electronic filing through the ESTTA.

I hereby also certify that on August 24, 2016, I filed a copy of this Notice of Appeal (with Exhibit 1) to the Federal Circuit Court of Appeals using the CM/ECF System pursuant to Fed. Cir. R. 25(b)(1).

                    **COATS & BENNETT PLLC**

                    */s/ David D. Kalish*
                    David D. Kalish

EXHIBIT 1

> This Opinion is not a
> Precedent of the TTAB

Oral Hearing: May 4, 2016                                        Mailed: July 12, 2016

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

Trademark Trial and Appeal Board

_____

*In re North Carolina Lottery*

_____

Serial No. 86411401

_____

David E. Bennett of Coats & Bennett PLLC,
   For North Carolina Lottery

Lindsey Ben, Trademark Examining Attorney, Law Office 108,
   Andrew Lawrence, Managing Attorney.

_____

Before Wolfson, Shaw and Goodman,
   Administrative Trademark Judges.

Opinion by Goodman, Administrative Trademark Judge:

North Carolina Lottery ("Applicant") seeks registration on the Principal Register of the mark FIRST TUESDAY (in standard characters) for "Lottery cards; Scratch cards for playing lottery games" in International Class 28 and for "Lottery services" in International Class 41.[1]

The Trademark Examining Attorney has refused registration of Applicant's proposed mark under Section 2(e)(1) of the Trademark Act, 15 U.S.C. § 1052(e)(1), on

---

[1] Application Serial No. 86411401 was filed on October 1, 2014, based upon Applicant's claim of first use anywhere and use in commerce since at least as early as July 1, 2013.

the ground that the term FIRST TUESDAY is merely descriptive of Applicant's goods and services.

After the Trademark Examining Attorney made the refusal final, Applicant appealed to this Board. We affirm the refusal to register.

I. Applicable Law

Section 2(e)(1) of the Trademark Act, 15 U.S.C. § 1052(e)(1), precludes registration of a mark that, when applied to the goods or services of the applicant, is merely descriptive of them. "A term is merely descriptive if it immediately conveys knowledge of a quality, feature, function, or characteristic of the goods or services with which it is used." *In re Chamber of Commerce of the U.S.*, 675 F.3d 1297, 102 USPQ2d 1217, 1219 (Fed. Cir. 2012) (quoting *In re Bayer Aktiengesellschaft*, 488 F.3d 960, 82 USPQ2d 1828, 1831 (Fed. Cir. 2007)). Whether a term is merely descriptive is determined not in the abstract, but "in relation to the particular goods [or services] for which registration is sought, the context in which it is being used, and the possible significance that the term would have to the average purchaser of the goods [or services] because of the manner of its use or intended use." *In re Bayer Aktiengesellschaft*, 82 USPQ2d at 1831. *See also In re Chamber of Commerce*, 102 USPQ2d at 1219. "The question is not whether someone presented with only the mark could guess what the goods or services are. Rather, the question is whether someone who knows what the goods or services are will understand the mark to convey information about them." *In re Tower Tech, Inc.*, 64 USPQ2d 1314, 1316-1317 (TTAB 2002).

## II. Analysis

The Examining Attorney argues that the proposed mark is merely descriptive of a feature of the goods and services, namely new scratch-off lottery games that begin on the first Tuesday of every month. Applicant argues that the combined terms FIRST TUESDAY do not convey any meaningful information about lottery services or lottery cards, and that an ordinary consumer "would not be able to reach any conclusion about the meaning of the phrase FIRST TUESDAY based solely on the mark itself."[2] Applicant argues that

> [t]o connect the mark FIRST TUESDAY to Applicant's lottery services and lottery cards, a consumer must be told that Applicant issues new instant scratch-off games on the first Tuesday of every month. Absent this knowledge, an ordinary consumer would not be able to discern the meaning of the phrase 'first Tuesday.'[3]

Applicant submits that, based solely on the mark itself, "at most the phrase 'first Tuesday' suggests a particular day to a consumer but leaves it to the consumer's imagination what happens on that particular day,"[4] requiring mental thought and multi-step reasoning to discern the meaning of the phrase "first Tuesday."[5] In its brief, Applicant states that it "introduces a new scratch-off game on the first Tuesday of every month."[6]

---

[2] 4 TTABVUE 5, 6.
[3] 4 TTABVUE 6.
[4] 4 TTABVUE 5.
[5] 4 TTABVUE 4-5.
[6] 4 TTABVUE 3.

- 3 -

When considering the context in which the mark is being used, we may look to labels, packages, displays, or advertising material directed to these goods and services as that is how the purchaser encounters the mark in the marketplace. *In re Nett Designs*, 236 F.3d 1339, 57 USPQ2d 1564, 1566 (Fed. Cir. 2001) (looking at applicant's advertising brochures in connection with determining whether consumers would perceive mark as descriptive); *In re Abcor Dev. Corp.*, 588 F.2d 811, 200 USPQ 215, 218 (CCPA 1978) (in descriptiveness case, court stated, "Evidence of the context in which a mark is used in labels, packages, or advertising materials directed to the goods is probative of the reaction of prospective consumers to the mark."). *See, e.g., In re Carlson*, 91 USPQ2d 1198 (TTAB 2009) ("Of course, specimens and promotional material may be used to prove that a mark is merely descriptive, and statements made in them can show that a term describes a feature or characteristic of the goods or services."); *In re Hunter Fan Co.*, 78 USPQ2d 1474, 1476 (TTAB 2006) (finding that the applicant's use of applied-for mark, as evidenced in its specimen of use, "highlights the descriptive nature of this term").

The specimens submitted by Applicant are shown below.



Serial No. 86411401



Applicant's website also indicates that new scratch-off tickets are available the first Tuesday of every month.



We find the proposed mark FIRST TUESDAY merely describes a feature or characteristic of lottery cards, scratch lottery cards, and lottery services. As shown by the specimens and Applicant's website, new scratch-off games are offered on the first Tuesday of every month, and will be so understood by the relevant consumers

who encounter the designation FIRST TUESDAY in the marketplace. No mental thought or multi-step reasoning is required to reach a conclusion as to the nature of the involved goods and services.

We are unpersuaded by Applicant's arguments that a lack of descriptiveness is evidenced by the absence in the record of evidence of competitor use of the phrase "first Tuesday" or evidence of any use of the term as a whole in connection with lottery cards or lottery services. We note that the Examining Attorney is not required to show such use in order to establish that a term is merely descriptive. *See In re Fat Boys Water Sports LLC,* 118 USPQ2d 1511, 1514 (TTAB 2016) (no requirement that examining attorney prove competitor's need to use mark); *In re Sun Microsystems Inc.,* 59 USPQ2d 1084, 1087 (TTAB 2001) (citations omitted). The fact that an applicant may be the first or only user of a descriptive designation does not justify registration if that term is merely descriptive. *Id.* With regard to Applicant's argument that its proposed mark is suggestive "based solely on the mark itself," we note that is not the test. Rather, we must determine whether FIRST TUESDAY is merely descriptive in the context in which it is used in connection with the recited services. *In re Bayer Aktiengesellschaft,* 82 USPQ2d at 1831. As discussed above, consumers encountering Applicant's mark in connection with its lottery cards, scratch cards and lottery services will understand FIRST TUESDAY to merely describe an important feature of Applicant's goods and services.

III. Conclusion

The evidence discussed above shows that FIRST TUESDAY is merely descriptive of a feature or characteristic of Applicant's goods and services. Considering the two terms together, relevant customers would readily perceive the alleged mark to mean that new scratch-off lottery tickets are offered the first Tuesday of a month.

**Decision**: The refusal to register is affirmed.